UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.R & W.R.,<br>            Plaintiff,<br>    v.<br>BEACON HEALTH OPTIONS,<br>            Defendant. | Case No. 16-cv-04576-MEJ<br><br>**ORDER RE: MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. No. 16 |

## INTRODUCTION

Pending before the Court is Plaintiff B.R. & W.R.'s Motion for Leave to File a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). Mot., Dkt. No. 16. Defendant Beacon Health Options ("Beacon") did not file an Opposition. The Court finds this matter suitable for disposition without oral argument and **VACATES** the March 23, 2017 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **GRANTS** the Motion for the following reasons.

## BACKGROUND

On August 11, 2016, Plaintiff filed a complaint for breach of the Employee Retirement Income Security Act of 1974 ("ERISA") against Beacon for failing to provide employee benefits. Compl., Dkt. No. 1. On November 4, 2016, Defendant filed its Answer. Dkt. No. 9. During the subsequent meet and confer process, Beacon notified Plaintiff that the healthcare plan is "self-funded" and Beacon is not correctly named as a defendant. *Id.* Beacon explained that the Screen Actors Guild—Producers Health Plan ("SAG Plan") should be named as the defendant. *Id.* On January 5, 2017, the parties submitted a Joint Case Management Statement to the Court (Dkt. No.

11), in which they clarified Plaintiff's intent to dismiss Beacon and name the SAG Plan as defendant (*id.* at 2). On January 9, 2017, the Court ordered Plaintiff to move for Leave to File a First Amended Complaint. Dkt. No. 12.[1] That Motion is now pending before the Court. *See* Mot.

## LEGAL STANDARD

A party may amend its pleading once as a matter of course within (1) 21 days after serving the pleading, or (2) 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1). Outside of this timeframe, "a party may amend its pleading only with the opposing party's written consent or the court's leave," though the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although the rule should be interpreted with 'extreme liberality,' leave to amend is not to be granted automatically." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted). Because Plaintiff seeks to amend its Complaint more than 21 days after Beacon filed its answer, it must move for leave to amend.

A court considers five factors in determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quotation omitted). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight. Prejudice is the touchstone of the inquiry under Rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under *Rule 15(a)* in favor of granting leave to amend." *Id.* at 1052 (emphasis in original).

Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). "Denials of motions for leave to amend have been reversed when lacking a

---

[1] Several documents filed in connection with the Motion were mis-docketed. The Court already terminated Dkt. No. 13 and now terminates Dkt. No. 14.

contemporaneous specific finding by the district court of prejudice to the opposing party, bad faith by the moving party, or futility of amendment." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987).

## DISCUSSION

Upon consideration of the aforementioned five factors relevant to determining whether to grant leave to amend, the Court finds Plaintiff's request to substitute SAG Plan as a defendant instead of Beacon should be granted.

### A.     Bad Faith & Undue Delay

Bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early. *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995). That is not the case here. Plaintiff filed its original Complaint on August 11, 2016. Beacon filed its Answer on November 4, 2016. The parties notified the Court of Plaintiff's intent to substitute SAG Plan in their January 5, 2017 Joint Case Management Conference and Plaintiff timely moved to amend. Plaintiff's Motion does not come late in the litigation process, as the action is still in its incipient stage. Plaintiff also does not seek to add any claims. Instead, it is simply correcting the defendant's identity. There is no indication of bad faith or undue delay.

### B.     Prejudice to the Opposing Party

This factor carries the greatest weight of them all. *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187. Beacon does not oppose amendment. The correct defendant, SAG Plan, has not yet been served or appeared in the litigation; therefore amendment would not be prejudicial to SAG Plan. *See Celetano v. Ams. With Disabilities (ADA) Office*, 2012 WL 1207277, at *1 (E.D. Cal. Apr. 11, 2012). There appears no prejudice would result from the amendment.

### C.     Futility of Amendment

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]" *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted). There is no suggestion at this time that after substituting SAG Plan as the defendant, no set of facts can be proved that would

1 constitute a valid and sufficient claim.

2 **D.   Previous Amendments**

3 As Plaintiff did not previously amend the Complaint, this factor weighs neither against nor
4 in favor of amendment.

5 <center>**CONCLUSION**</center>

6 Based on the foregoing analysis, the Court the relevant factors all weigh in favor of
7 granting leave to amend.  Pursuant to Rule 15(a), the Court hereby **GRANTS** Plaintiff's Motion
8 for Leave to File a First Amended Complaint.

9 **IT IS SO ORDERED.**

11 Dated: March 9, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

10
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California